909 F.2d 1484
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Taisir NASSAR, Petitioner-Appellant,
v.
Robert BROWN, Respondent-Appellee.
 No. 89-1847.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1990.
 
 On Appeal from the United States District Court for the Eastern District of Michigan, 88-74452.
 E.D.Mich.
 AFFIRMED.
 Before KENNEDY and MILBURN, Circuit Judges, and HERMAN J. WEBER, District Judge.*
 PER CURIAM.
 
 
 1
 This is a timely appeal from the district court's dismissal of a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Petitioner, Taisir Nassar, and two co-defendants were convicted of arson after a jury trial which spanned five days. Following affirmance of the conviction by the Court of Appeals of Michigan and denial of leave to appeal by the Supreme Court of Michigan, Nassar filed this petition.
 
 
 2
 The evidence at trial was overwhelming that the Fashion Square Clothing Store located in Detroit, Michigan, was intentionally burned on July 5, 1985. The only real issue was who caused the burning.
 
 
 3
 Petitioner was the sole owner of the business and the sole insured on an insurance policy covering the business. The business had not been successful during petitioner's ownership. Both co-defendants were close relatives of the petitioner and employees at the store. The co-defendants closed the business on the evening of the fire, and within four minutes after they left, an alarm sounded. There was no evidence of forcible entry, and when the fire began, petitioner was at a co-defendant's home.
 
 
 4
 The key witness for the prosecution was Kamal Bazzi, petitioner's former partner, whose interest in the clothing store had been purchased by petitioner in 1984. Bazzi had often talked with Riad Nassar, petitioner's brother and co-defendant, about burning the store to collect the insurance. Petitioner himself, according to Bazzi, had once stated, "For the sake of Allah, let's burn this business and collect the insurance policy." Bazzi testified that he first arranged to have the store burned but then became frightened, withdrew from the scheme, and contacted the insurance company disavowing any responsibility for a future fire.
 
 
 5
 During Bazzi's testimony, possible bias against the Nassars was exposed when Bazzi admitted a prior conviction for criminal sexual conduct and admitted that he believed the Nassars "set him up" for the conviction. The incident happened in the Fashion Square store at approximately the same time petitioner purchased Bazzi's interest.
 
 
 6
 Petitioner complains of numerous incidents in the course of his trial and devotes over half his brief to quoting from the transcript. The district court's memorandum opinion and order of June 26, 1989, examines in detail the factual basis of petitioner's many assignments of error.
 
 
 7
 The issues presented in this appeal are (1) whether judicial misconduct denied petitioner a fair trial, (2) whether the evidence was insufficient to sustain the conviction, (3) whether the trial judge denied petitioner's constitutional rights by assigning one interpreter to three co-defendants, and (4) whether prosecutorial misconduct denied petitioner a fair trial.
 
 
 8
 After careful consideration of the briefs and record herein and after hearing oral argument, we agree with the district court that, although the petitioner's trial may not have been perfect, it was a fundamentally fair trial in which petitioner was not denied his constitutional rights. We also agree that there was sufficient evidence to support the conviction. Accordingly, the judgment of the district court is AFFIRMED for the reasons stated in its memorandum opinion and order of June 26, 1989.
 
 
 
 *
 Honorable Herman J. Weber, United States District Judge for the Southern District of Ohio, sitting by designation